**James J. URCINOLE and J.J.U. Aviation Incorporated, Plaintiffs–Appellants,**

v.

**Joseph TUROSKY, Cigna Property and Casualty Company and Town of Southold, Defendants–Appellees,**

Falcon Insurance Agency of California Incorporated, Sierra Industries Incorporated, James M. McJoynt, Ronald E. Hughes and George Marrero, Defendants.

No. 04–0511–CV.

United States Court of Appeals, Second Circuit.

Jan. 24, 2006.

Peter W. Till, Law Offices of James W. Till, Springfield, N.J., for Plaintiffs–Appellants.

Stephen Marcellino, (Gary A. Gardner, Kimberly M. Jagodzinski,), Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, N.Y., for Defendants–Appellees, of counsel.

Present: Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN, Circuit Judges and Hon. JED S. RAKOFF, District Judge.*

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

We assume the parties' familiarity with the facts and procedural history of this case. Plaintiffs appeal the district court's dismissal of this action pursuant to Rules 37(b)(2)(C) and 41(b) of the Federal Rules of Civil Procedure due to plaintiffs' failure to comply with discovery orders and to prosecute this action. We easily conclude that the district court did not abuse its discretion in dismissing this case under Rule 41(b), and therefore do not address its Rule 37 ruling.

We review a district court's dismissal of an action under Rule 41(b) for abuse of discretion. *United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir.2004). In the course of such a review, we examine whether: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) the plaintiff was given notice that further delay would result in dismissal; (3) the defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *Id.*

The district court specifically addressed each of these factors in its decision adopting Magistrate Judge Wall's Report and

---

*The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Recommendation, which included a thorough recitation of the plaintiffs' systematic and longstanding discovery abuses. Upon an independent review of the record, we agree that these factors, taken together, counsel in favor of dismissal, and therefore conclude that the district court did not abuse its discretion in dismissing this case. Accordingly, the judgment of the district court is hereby **AFFIRMED.**